## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JOHNNY C. HARRISON,**
**Claimant Below, Petitioner**

**FILED**

March 25, 2016
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)    No. 15-0384** (BOR Appeal No. 2049994)
(Claim No. 2013009899)

**S & D MANAGEMENT SERVICES, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Johnny C. Harrison, by Anne L. Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. S & D Management Services, Inc., by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 2, 2015, in which the Board affirmed a November 10, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 16, 2013, and October 24, 2013, decisions granting Mr. Harrison a 5% permanent partial disability award and closing the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Harrison, a coal miner, injured his lumbar spine in the course of his employment on October 11, 2012, when he slipped from a ladder and fell. On July 23, 2013, Joseph Grady, M.D., performed an independent medical evaluation in which he diagnosed lumbar myofascial strain with reported disc herniation at L4-5. He found that Mr. Harrison was not at maximum medical improvement for the injury. He determined that Mr. Harrison had some nerve root involvement and some pain radiating into his legs. He recommended a neurosurgical evaluation

1

and stated that if Mr. Harrison chose not to pursue further treatment, he would be at maximum medical improvement. In a follow up letter, Dr. Grady stated that he was informed that no other treatment would be authorized in the case. He therefore found that Mr. Harrison was at maximum medical improvement. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), he assessed 2% impairment. He then placed Mr. Harrison in Category II of West Virginia Code of State Rules § 85-20-C (2006), and adjusted the rating to 5% impairment. The claims administrator granted Mr. Harrison a 5% permanent partial disability award on September 16, 2013. Two days later Anbu Nadar, M.D., the claimant's treating physician, released him to return to work. The claims administrator then suspended rehabilitation benefits because Mr. Harrison refused to participate. On October 24, 2013, the claims administrator closed the claim for temporary total disability benefits.

Jerry Scott, M.D., performed an independent medical evaluation on March 18, 2014, in which he diagnosed L5-S1 disc herniation with radiculopathy, a left side disc lesion, and left side atrophy. He opined that Mr. Harrison only required maintenance care and was not a surgical candidate. He assessed 14% impairment using the American Medical Association's *Guides.* He then placed Mr. Harrison in Category III of West Virginia Code of State Rules § 85-20-C and adjusted the rating to 13%. He stated that he belonged in that category because he had objective abnormalities of radiculopathy. Michael Condaras, M.D., disagreed with Dr. Scott's findings in his April 23, 2014, independent medical evaluation. Dr. Condaras diagnosed cervical, thoracic, and lumbar sprains. He found normal range of motion and assessed 0% impairment in the cervical and thoracic spines. For the lumbar spine, Dr. Condaras found 5% impairment. He stated that he reviewed the reports of Drs. Grady and Scott. He noted that both he and Dr. Grady found 5% lumbar impairment and no cervical or thoracic impairment. He noted that none of them found evidence of radiculopathy.

The Office of Judges affirmed the claims administrator's decisions in its November 10, 2014, Order. It found that both Drs. Grady and Condaras placed Mr. Harrison in Lumbar Category II of West Virginia Code of State Rules § 85-20-C and assessed 5% impairment for lumbar range of motion loss. Dr. Scott, on the other hand, opined that Mr. Harrison showed objective abnormalities of radiculopathy and placed him in Category III for 13% impairment. The Office of Judges determined that, based on the evidence, it is more likely than not that Mr. Harrison has 5% impairment, as found by both the first and last evaluators of record. Dr. Scott's finding of radiculopathy was determined to be unfounded, even by his own clinical findings. He noted clinical findings of 90° on straight leg raise with no leg pain. The Office of Judges further determined that the claim was properly closed for temporary total disability benefits. It noted that Dr. Grady found Mr. Harrison to be at maximum medical improvement on August 28, 2013, and Dr. Nadar released him to return to work shortly thereafter; however, Mr. Harrison declined to participate in job placement services. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 2, 2015.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record supports the 5% permanent partial disability award granted to Mr. Harrison. Dr. Scott's evaluation was not reliable enough to justify granting a larger award, because findings of radiculopathy were not evident in the record. Mr. Harrison was

2

found to be at maximum medical improvement and released to return to work. West Virginia Code § 23-4-7a (2005) provides that temporary total disability benefits are suspended once a claimant has reached maximum medical improvement, has been released to return to work, or has actually returned to work. The claim was therefore properly closed for temporary total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 25, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum